UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JASON DEMYERS,
FRANCHOT BARNES,
JAMAR GOINS,
JONATHAN CONNER, and
MARK WILLIAMS,

    Defendants.
_____/

No. 1:23-cr-00098-JTN

Hon. Janet T. Neff
United States District Judge

**SUPERSEDING INDICTMENT**

The Grand Jury charges:

### COUNT 1
(Conspiracy to Distribute and Possess with Intent to Distribute Cocaine)

Beginning on a date unknown, but at least by in or about February 2023 and continuing until in or about June 2023, in Ingham County, in the Southern Division of the Western District of Michigan, and elsewhere, the Defendants,

**JASON DEMYERS,
FRANCHOT BARNES,
JAMAR GOINS,
JONATHAN CONNER, and
MARK WILLIAMS,**

and others known and unknown to the Grand Jury, knowingly and intentionally combined, conspired, confederated, and agreed with each other to distribute and to possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

1

Concerning **JASON DEMYERS and FRANCHOT BARNES**, the Grand Jury further alleges that the amount of cocaine involved in the conspiracy was 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(B)(ii)
21 U.S.C. § 841(b)(1)(C)

## COUNT 2
(Attempted Distribution of Cocaine)

On or about June 29, 2023, in Ingham County, in the Southern Division of the Western District of Michigan, and elsewhere, the Defendants,

**FRANCHOT BARNES and MARK WILLIAMS,**

knowingly and intentionally attempted to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

Concerning **FRANCHOT BARNES**, the Grand Jury further alleges that the amount of cocaine involved in the attempted distribution was 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(B)(ii)
21 U.S.C. § 841(b)(1)(C)

## COUNT 3
(Possession with Intent to Distribute Cocaine)

On or about June 29, 2023, in Ingham County, in the Southern Division of the Western District of Michigan, and elsewhere, the Defendants,

**JASON DEMYERS,
JAMAR GOINS, and
JONATHAN CONNER,**

knowingly and intentionally possessed with intent to distribute, and aided and abetted each other in the possession with intent to distribute, a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

Concerning **JASON DEMYERS**, the Grand Jury further alleges that the amount of cocaine involved in the offense was 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(B)(ii)
21 U.S.C. § 841(b)(1)(C)
18 U.S.C. § 2

4

## FORFEITURE ALLEGATION 1
(Count 1: Conspiracy to Distribute and Possess with Intent to Distribute Cocaine)

The allegations contained in Count 1 of this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853.

Pursuant to 21 U.S.C. § 853, upon conviction of an offense in violation of 21 U.S.C. §§ 846 and 841, as set forth in Count 1 of this Superseding Indictment, the Defendants,

**JASON DEMYERS,**
**FRANCHOT BARNES,**
**JAMAR GOINS,**
**JONATHAN CONNER, and**
**MARK WILLIAMS,**

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense. The property to be forfeited includes, but is not limited to:

PERSONAL PROPERTY: approximately $70,000 in United States Currency seized on or about February 23, 2023 from luggage at the Detroit airport (Asset ID 23-DEA-700485).

If any of the property described above, as a result of any act or omission of the Defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

21 U.S.C. § 853(a)
21 U.S.C. § 853(p)
21 U.S.C. § 846
21 U.S.C. § 841

## FORFEITURE ALLEGATION 2
(Count 1: Conspiracy to Distribute and Possess with Intent to Distribute Cocaine;
Count 2: Attempted Distribution of Cocaine)

The allegations contained in Counts 1 and 2 of this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853.

Pursuant to 21 U.S.C. § 853, upon conviction of an offense in violation of 21 U.S.C. §§ 846 and 841, as set forth in Counts 1 and 2 of this Superseding Indictment, the Defendant,

**FRANCHOT BARNES,**

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s). The property to be forfeited includes, but is not limited to, the real property located at 20242 Braile Street, Detroit, Michigan, with the following legal description: Block: 107 District: 01 City, Municipality, Township: DETROIT CITY Subdivision Name: EDWARD ROSE SUB Brief Description: E BRAILE 24 EDWARD ROSE SUB NO 2 L73 P60 PLATS, W C R 22/767 50 X 132.40A Recorder's Map Ref: LB 22140.

If any of the property described above, as a result of any act or omission of the Defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

7

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

21 U.S.C. § 853(a)
21 U.S.C. § 853(p)
21 U.S.C. § 846
21 U.S.C. § 841

A TRUE BILL

_____
GRAND JURY FOREPERSON

MARK A. TOTTEN
United States Attorney

_____
STEPHANIE M. CAROWAN
AUSTIN J. HAKES
Assistant United States Attorneys